PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 009924
LAW OFFICES OF MULLINS & TRENCHAK
1614 S. Maryland Pkwy.
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
*Attorney for Plaintiff Elizabeth Chavez*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH CHAVEZ, an individual, | |
| Plaintiff, | CASE NO.: |
| vs. | DEPT NO.: |
| STRATOSPHERE GAMING, LLC dba STRATOSPHERE TOWER CASINO & HOTEL – TOP OF THE WORLD, a limited liability company; | **COMPLAINT** *(Jury Trial Demanded)* |
| Defendant. | |

COMES NOW Plaintiff, ELIZABETH CHAVEZ, by and through her attorney Philip J. Trenchak, Esq. of Mullins & Trenchak, Attorneys at Law, and hereby complains and alleges as follows:

### JURISDICTION

1.     This is an action for damages arising under the Americans with Disabilities Act ("The ADA"), the Family Medical Leave Act ("FMLA"), ADA retaliation and/or FMLA retaliation and/or retaliation for the lawsuit filed against Defendant herein and former employer which was resolved in April of 2019, and all pending claims at the time, including NERC claims then under investigation.

2.     This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a)(4)(civil rights action) and 42 U.S.C. §2000e-5(f)(3)(unlawful discrimination and retaliation in employment). This Court has supplemental jurisdiction over any state

law claims pled herein pursuant to 28 U.S.C. §1367.

3.      All material allegations relative to the named defendants contained in this Complaint are believed to have occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4.      Plaintiff initiated the process of filing a Charge of Discrimination against her former employer, the Defendant named in this action, with the United States Equal Opportunity Commission ("EEOC") wherein she alleged discrimination on the basis of her age, sex and retaliation as a continuing action. This was done within 300 days of the incident giving rise to this complaint.

5.      Thereafter, Plaintiff's attorney received ELIZABETH CHAVEZ's Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. Please see attached Exhibit A.

6.      This action is being filed within 90 days of the EEOC "Right to Sue" Letter being received by Plaintiff's Counsel. Therefore, this action is timely.

7.      Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## PARTIES

8.      Plaintiff Elizabeth Chavez (hereinafter "Plaintiff," "Ms. Chavez" or "Elizabeth Chavez" or "Elizabeth") is and was at all times relevant hereto, a resident of the County of Clark, State of Nevada.

9.      Upon information and belief, Defendant STRATOSPHERE GAMING, LLC dba STRATOSPHERE TOWER CASINO & HOTEL – TOP OF THE WORLD (hereinafter "Defendant" or "Top of The World" or "The Stratosphere") is and was at all times relevant hereto, a domestic limited liability company of the County of Clark, State of Nevada.

## GENERAL ALLEGATIONS

10.     Plaintiff had been employed by Top of The World for approximately twenty-one (21) years.

11.     At all times mentioned herein, Plaintiff was employed by the Stratosphere.

12.     Plaintiff reached a resolution to the lawsuit that had been filed against Defendant in April of 2019, all pending Nevada Equal Rights Commission charges as well, and any and all claims as of that date.

2

13.     Plaintiff had ADA Reasonable Accommodations in place at the time that she was wrongfully terminated.

14.     Plaintiff had Family Medical Leave Act Intermittent Leave in place at the time she was wrongfully terminated.

15.     On or about October 1, 2019, Plaintiff was suspended pending an investigation for an alleged incident that occurred on or about September 2, 2019, wherein it was alleged that Plaintiff did not clock out.

16.     Plaintiff was terminated on or about October 14, 2019 for the alleged incident which occurred on or about September 2, 2019.

17.     Plaintiff left work on September 2, 2019 due to an asthmatic episode.

18.     Plaintiff followed the directives given to her by her employer that were necessary to leave work.

19.     Plaintiff was under the stress of having a medical episode for a Disability that Defendant was aware of, when she clocked out on September 2, 2019.

20.     Plaintiff made every attempt to explain this episode to Human Resources, but she was terminated.

21.     Plaintiff believes the stated reasons for termination to be pretextual, and that her termination was retaliatory for the lawsuit filed against Defendant which resolved in April of 2019 entered into on or about April of 2019 and/or for Retaliation given her Reasonable Accommodations and/or for FMLA Intermittent Leave.

22.     Discovery will be required to determine the reason for the discharge, because the stated reason is inadequate to justify terminating Ms. Chavez after a twenty-one (21) year career with Defendant.

23.     Plaintiff further alleges as follows hereunder.

### FIRST CAUSE OF ACTION
**(Discrimination Based on Disability in violation of State and Federal Statutes)**

24.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

3

25.     Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on Disability.

26.     Plaintiff informed Defendant she had a disability affecting a major life function and a Reasonable Accommodation had been put into place for Ms. Chavez so that she was able to perform the basic functions of her position.

27.     Plaintiff is a qualified individual able to perform her job tasks, and has effectively performed her job for over twenty-one (21) years.

28.     Plaintiff is a qualified individual with a disability that is able to perform the essential functions of her job with a reasonable accommodation.

29.     Defendant was aware of the disability and Plaintiff had a reasonable accommodation to assist her in performing the essential functions of her position.

30.     Defendant, as an employer is subject to Nevada and federal statutes prohibiting discrimination based upon Disability, NRS 613.330 et. seq. and the ADA et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination based upon Disability.

31.     Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff, based upon Disability.

32.     No other similarly situated persons, not of Ms. Chavez's protected class, were subject to the same or substantially similar treatment.

33.     Plaintiff suffered adverse economic impact including but not limited to loss of pay, benefits, expenses, and other damages which will be more fully described at the time of trial.

34.     Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

35.     Plaintiff suffered and continues to suffer compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

4

36.     Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

37.     Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws.

38.     Plaintiff suffered damages in an amount to be deemed sufficient by a jury.

39.     Plaintiff is entitled to an award of reasonable attorney's fees.

40.     Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her Disability.

41.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (FMLA))

42.     Plaintiff repeats, re-alleges, and incorporates herein by reference, the allegations contained in the foregoing paragraphs as though fully set forth herein.

43.     The Family and Medical Leave Act applies to employers that meet the following requirements:

a.      Employees at companies with 50 or more employees who work within 75 miles of the primary work site.

b.      Employees must have worked at the company for at least 12 months (for at least 1,250 hours in those 12 months) before they can take leave under FMLA.

44.     Plaintiff did work for the Plaintiff for in excess of twenty-one (21) years.

45.     Plaintiff was unlawfully terminated on or about October 14, 2019.

46.     Plaintiff had intermittent FMLA leave at the time she was terminated.

47.     Plaintiff followed the Employer's guidelines in properly leaving the property when exercising her intermittent FMLA Leave, due to her asthma condition.

48.     Plaintiff was terminated for alleged violation of the Employer's guidelines.

49.     This violation did not occur, but Plaintiff was terminated regardless.

5

50.     Plaintiff's FMLA rights were violated as outlined above.

51.     Plaintiff was required to retain counsel to prosecute this FMLA violation cause of action and is entitled to an award of reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION
**(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and Nevada State Law, NRS 613.340)**

52.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

53.     In violation of 42 U.S.C § 2000e-3, Defendant retaliated against Plaintiff after she had filed a lawsuit against her employer/Defendant herein, which resolved in April of 2019, her pending NERC claims, she had existing Reasonable Accommodations in place, and she also had intermittent FMLA leave in place for her asthma condition.

54.     The behavior complained of also constitutes retaliatory discrimination.

55.     There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff in her workplace.

56.     The aforementioned actions and conduct by Defendant constitutes illegal retaliation which is prohibited by federal and state statutes.

57.     Plaintiff has been seriously harmed, economically and emotionally by this unlawful retaliation and she is entitled to be fully compensated therefor.

58.     Plaintiff had to engage the services of attorneys for representation in this matter and is entitled to an award of reasonable attorney's fees.

**WHEREFORE**, Plaintiff prays for relief against Defendants, each of them, as follows:

### ON ALL CAUSES OF ACTION

1.     For compensatory damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

2.     For punitive damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

3.     For special damages in the principal amount in excess of seventy-five thousand dollars, ($75,000.00) to be proven at trial;

4.      For attorney's fees and costs incurred;

5.      For all damages in an amount to be proved at trial;

6.      For costs of suit herein incurred;

7.      For reasonable interest on amounts due; and,

8.      For any such other and further relief as this Court deems just and proper.

DATED this 11th day of June, 2020.

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

/s/ Phil Trenchak
Philip J. Trenchak, Esq.
Nevada Bar No. 009924
Mullins & Trenchak, Attorneys at Law
1614 S. Maryland Parkway
Las Vegas, NV 89104

7

## PLAINTIFF'S JURY DEMAND

Plaintiff, ELIZABETH CHAVEZ, by and through her attorneys of record, PHILIP J. TRENCHAK, ESQ. of the law firm MULLINS & TRENCHAK, ATTORNEYS AT LAW, respectfully submits this Demand for Jury pursuant FRCP 38 in the above captioned matter.

DATED this 11th day of June 2020.

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

/s/ Phil Trenchak
PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 009924
1614 S. Maryland Parkway
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
E: victoria@mullinstrenchak.com
*Attorneys for Plaintiff*

8

# **Exhibit A**
## Right to Sue Notice

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Elizabeth Chavez
c/o MULLINS & TRENCHAK, ATTORNEYS AT LAW
Attn: Philip J. Trenchak
1614 S. Maryland Parkway
Las Vegas, NV 89104

From:  Las Vegas Local Office
333 Las Vegas Blvd South
Suite 5560
Las Vegas, NV 89101

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-00039 | Ruth I. Ibarra, Investigator | (702) 388-5085 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Patricia A. Kane,
Local Office Director

MAR 1 2 2020
(Date Mailed)

Enclosures(s)

cc:  Stratosphere Holding, LLC d/b/a Stratosphere Casino Hotel & Tower
c/o JACKSON LEWIS
Attn: Deverie J. Christensen, Attorney
Bank Of America Plaza
300 S. Fourth Street Ste. 900
Las Vegas, NV 89101

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"  now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability regulations.cfm.